# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Steven Wayne Feldmann,<br><br>    Plaintiff,<br><br>v.<br><br>State of California, *et al.*,<br><br>    Defendants. | Case No. 2:14-cv-031-JAD-VCF<br><br>**Order** |

Plaintiff Steven Wayne Feldman filed a Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 in this action on January 7, 2014. Doc. 1. Although 28 U.S.C. § 1915 permits a prisoner plaintiff to commence a civil rights action without prepayment of filing fees, the plaintiff must complete an application to proceed *in forma pauperis* and attach both an inmate account statement for the past six months and a properly executed financial certificate. The court will not file the civil rights complaint until the matter of the payment of the filing fee is resolved. Plaintiff has not paid the filing fee or submitted an *in forma pauperis* application.

Additionally, Nevada Local Special Rule 2-2 requires a plaintiff to "immediately file with the Court written notification of any change of address. The notification must include proof of service upon each opposing party or the party's attorney. Failure to comply with this Rule may result in dismissal of the action with prejudice." Nev. Loc. Special R. 2-2. On February 5, 2014, mail was returned as undeliverable to Mr. Feldman, demonstrating that he has not kept the court apprised of his current address. Doc. 2.

District courts have the inherent power to control their dockets and "[i]n the exercise

of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In light of these deficiencies,

**IT IS HEREBY ORDERED** that plaintiff **has until December 12, 2014,** to either: (1) file a fully complete application to proceed *in forma pauperis*, on the correct form with complete financial attachments in compliance with 28 U.S.C. § 1915(a); or (2) pay the full filing fee of $400. The Clerk of the Court SHALL SEND plaintiff the approved form application to proceed *in forma pauperis* by a prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

**IT IS FURTHER ORDERED** that plaintiff must also notify this court in writing of his current address by December 12, 2014.

**Plaintiff is strongly cautioned that his failure to fully and timely comply with any portion of this order will result in the dismissal of this case with prejudice.**

Dated November 12, 2014

_____
Jennifer Dorsey
United States District Judge