# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Steven Wayne Feldmann,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>State of Wisconsin D.M.V., et al.,<br><br>　　　　　Defendants. | Case No.: 2:14-cv-31-JAD-VCF<br><br>**Order Dismissing Case for Failure to Comply with Court Order** |

　　　*Pro se* plaintiff Steven Wayne Feldmann filed this action against a host of state actors and sought *in forma pauperis* status. Doc. 1. Feldmann's *in forma pauperis* application was incomplete, however, and a clerk's receipt of his initial filing documents was returned undeliverable. *See* Docs. 1, 2. On November 12, 2014, I entered an order that noted that mail sent to Feldmann's listed address had been returned undeliverable and that Feldmann has a continuing obligation to apprise the court of his mailing address. Doc. 4 at 2. I ordered Feldmann to file a complete application to proceed *in forma pauperis* or pay the full filing fee by December 12, 2014. *Id.* I also stated that Feldmann "is strongly cautioned that his failure to fully and timely comply with any portion of this order will result in the dismissal of this case with prejudice." *Id.* A copy of this order was mailed to Feldmann, but it was again returned undeliverable. Doc. 5.

　　　More than two weeks have passed since Feldmann's response deadline, and he has failed to either pay the filing fee or submit a completed *in forma pauperis* application. Under Rule 41(b), "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."[1] Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss an

---

[1] Fed. R. Civ. Proc. 41(b). Such a dismissal does not operate as an adjudication on the merits in several circumstances, none of which is applicable here. *See id.*

1

action *sua sponte* for failure to prosecute.[2]  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."[3]

Consideration of all five factors in this case favors dismissal of Feldmann's claim here.  The first two factors favor dismissal because I have waited more than two weeks for any response from plaintiff, but he has yet to file a completed *in forma pauperis* application, pay the filing fee, or even notify the court of his present mailing address so that the litigation can proceed.  I note that there is no risk to the defendants, who have not yet appeared; and I have already explored the less drastic alternatives by permitting plaintiff additional time to submit his *in forma pauperis* application.  Although dismissal of this action contravenes the public policy of adjudicating cases on their merits, the other four factors weigh in favor of dismissal.  Exercising my discretion, I find that this case should be dismissed without prejudice for Feldmann's failure to prosecute.

Accordingly, it is **HEREBY ORDERED** that Feldmann's claims are DISMISSED WITHOUT PREJUDICE for failure to comply with the court's November 12, 2014, order.  The clerk of court is instructed to close this case.

DATED: December 29, 2014.

_____
Jennifer A. Dorsey
United States District Judge

---

[2] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances").

[3] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

2